IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STERLING AND WILSON SOLAR SOLUTIONS INC., | ) ) ) |
| Plaintiff, | ) Case No. 3:23-cv-01110-MEM |
| v. | ) (Mannion, Judge) ) |
| BANK OF AMERICA, N.A., | ) ) |
| Defendant. | ) |

**PLAINTIFF STERLING AND WILSON SOLAR SOLUTIONS INC.'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

Plaintiff Sterling and Wilson Solar Solutions Inc. ("Sterling") moves this Court, pursuant to Fed. R. Civ. P. 65, for a Temporary Restraining Order/Preliminary Injunction against Defendant Bank of America, N.A. ("BANA") and alleges the following in support thereof:

1. On March 29, 2021, Sterling entered into the Engineering, Procurement and Construction Agreement ("EPC Agreement") with Montague Solar, LLC ("Montague") for the development of a solar power facility in Oregon (the "Project"). *See* Declaration of Gaurav Bhandari ¶¶ 1 & 4 & Ex. B, a copy of which is attached, together with the exhibits thereto, as **Exhibit 1**.[1]

---

[1] The EPC Agreement attached to the Bhandari Dec. is filed on the public docket in redacted form. Sterling has served BANA with an unredacted copy of EPC Agreement with this Motion and a motion for leave to file under seal an unredacted copy of the EPC Agreement with this Court is forthcoming.

2. Montague is a subsidiary of Avangrid Renewables, LLC ("Avangrid"). Bhandari Decl. ¶ 10.

3. Under the EPC Agreement, Sterling served as a contractor to Montague, responsible for the design, engineering, and construction of the Project. *See* Bhandari Decl. ¶ 4.

4. Section 3.21.3 of the EPC Agreement required Sterling to provide a letter of credit for Montague. Bhandari Decl. ¶ 5 & Ex. B.

5. Section 3.21.3 further provided that any payment would be made under the letter of credit only if one of two conditions was met: (A) the occurrence of a "Contractor Event of Default" or (B) the failure to renew the letter of credit within 30 days of its expiration date or the failure of the issuing bank to maintain its creditworthiness. Bhandari Decl. ¶ 6 & Ex. B.

6. Section 20.1 of the EPC Agreement outlines the conditions for a "Contractor Event of Default." Bhandari Decl. ¶ 7 & Ex. B.

7. These conditions are limited to specifically enumerated events, none of which Montague asserted to BANA was applicable, and none of which are applicable. Bhandari Decl. ¶ 7 & Ex. B.

8. Pursuant to the EPC Agreement, Sterling applied to BANA for a letter of credit. *See* Bhandari Decl. ¶¶ 1 & 4.

9. BANA issued the BANA letter of credit for $24.34 million on May 12, 2021. *See* Bhandari Decl. Ex. A.

10. The BANA letter of credit states that the beneficiary is Montague. Bhandari Decl. ¶ 1 & Ex. A.

11. The BANA letter of credit states that BANA will make payment to Montague only upon receipt of a certification by Montague that (i) Sterling "failed to perform its obligations" under the EPC Agreement and, as a result, the beneficiary is entitled to the full amount claimed, or (ii) the letter of credit will expire in less than 30 days and Sterling failed to obtain a replacement letter of credit. *See* Bhandari Decl. ¶ 13 & Ex. A.

12. Sterling has performed its obligations under the EPC Agreement. *See* Bhandari Decl. ¶ 8.

13. Montague has confirmed to the public utility that oversees the Project, that the Project was substantially complete. Bhandari Decl. ¶ 8 & Ex. C.

14. Montague's signed statement to this effect came in the form of a Commercial Operation Certificate that it issued on April 19, 2023, confirming that the project achieved commercial operation and that all operational permits had been secured. Bhandari Decl. ¶ 8 & Ex. C.

15. The Commercial Operation Certificate was acknowledged and confirmed by a licensed professional engineer in an April 21, 2023 letter. Bhandari Decl. ¶ 9 & Ex. D.[2]

16. Moreover, Montague endorsed a Certification of Commercial Operation ("CCO") from NEI Electric Power Engineering, Inc ("NEI"), dated April 14, 2023, certifying that the project "is able to generate electric power reliably, in amounts and quality expected by the Agreement and in accordance with all other terms and conditions of the Agreement." Bhandari Decl. ¶ 9 & Ex. E.

17. Sterling has pending liens against Montague in the amount of approximately $43 million. Bhandari Decl. ¶ 11.

18. On or about June 23, 2023, Montague demanded payment upon the BANA letter of credit, in full, in the amount of $24.34. *See* Bhandari Decl. ¶ 2 & Ex. A.

19. By its terms, the BANA letter of credit states that states that any payment demand must be accompanied by a certification stating that Sterling "failed to perform its obligations" under the EPC Agreement and which certification would be contrary to the admissions made by Montague and its parent company in their

---

[2] Exhibit D inadvertently was attached to the Bhandari Declaration in duplicate as Exhibit F. Any references in the Bhandari Declaration to Exhibit F should be understood as references to Exhibit D.

certifications and press releases concerning the Project. *See* Bhandari Decl. ¶¶ 13-14.

20.     There is no "Contractor Event of Default" that would justify a payment demand on the BANA letter of credit. Bhandari Decl. ¶ 7.

21.     Sterling has advised BANA of the fraud and asked BANA to agree not to honor the request for payment on the BANA letter of credit until the fraud is addressed either criminally or civilly or both, but BANA has failed to respond to the request, thus necessitating the present application for relief. Bhandari Decl. ¶ 15.

22.     Montague seeks payment under the BANA letter of credit based on false assertions that Sterling failed to perform under the EPC Agreement. *See* Bhandari Decl. ¶¶ 1-2 & 14 & Ex. A.

23.     But according to the EPC Agreement, to seek payment under the letter of credit, Montague must demonstrate a "Contractor Event of Default" as a result of Sterling's failure to achieve substantial completion, failure to maintain insurance coverage, insolvency, or other specifically defined and enumerated events. *See* Bhandari Decl. ¶¶ 5-7 & Ex. A.

24.     Montague has not met its burden of demonstrating a Contractor Event of Default here. *See* Bhandari Decl. ¶ 7; *see also* Declaration of Bahadru Sam Dastoor ¶ 5, a copy of which is attached as **Exhibit 2**.

25. To the contrary, Montague issued a statement certifying that the project "is able to generate electric power reliably, in amounts and quality expected by the Agreement and in accordance with all other terms and conditions of the Agreement." Bhandari Decl. ¶ 9 & Ex. E.

26. Sterling has met the four factors for entitlement to a temporary restraining order and preliminary injunction, as held in *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017).

27. Sterling has established a likelihood of success on the merits because it has shown that Montague has issued a fraudulent demand for payment to BANA. *See, generally*, Bhandari Decl. ¶¶ 5-14 & Exs. A-E.

28. Further, Sterling has established irreparable harm. Payment pursuant to the BANA letter of credit would create a cascading disruption that would threaten Sterling's ability to continue building solar facilities. *See* Dastoor Decl. ¶¶ 5-11. In short, the chain reaction that will be caused by Montague's fraudulent attempt to draw on the letter of credit threatens Sterling's ability to continue doing business. *See, generally*, Dastoor Decl. ¶ 10.

29. Further, the issuance of injunctive relief will not cause prejudice to either BANA or Montague. BANA cannot claim to be harmed in any respect if it is prevented from issuing the funds in question, and Montague will also not be

prejudiced because the letter of credit does not expire until September 30, 2023. *See* Dastoor Decl. ¶ 3.

30. The issuance of injunctive relief is in the public interest. Contracting parties should not be required to do business in fear of fraudulent attempts to draw upon letters of credit. Further, at a minimum, the events underlying the Complaint are amongst private parties and thus the issuance of injunctive relief is not against the public interest.

31. At the very least, Sterling needs time to investigate the wholly unjustifiable effort to draw down $24.34 million on the EPC letter of credit, which Sterling believes was demanded through a fraudulent attestation of default by Montague.

32. Sterling is submitting contemporaneously with this Motion a supporting Brief under LR 7.5 and a proposed Order under LR 7.1.

## CONCLUSION

For the foregoing reasons, Sterling respectfully requests that its motion be granted in its entirety.

Dated:  July 5, 2023                     Respectfully submitted,

**Sterling and Wilson Solar Solutions Inc.**

/s/ Joseph V. Schaeffer
Joseph V. Schaeffer, Esquire
PA ID No. 323256

jschaeffer@babstcalland.com
Casey Alan Coyle, Esquire
ccoyle@babstcalland.com
PA ID No. 307712
BABST, CALLAND, CLEMENTS & ZOMNIR, P.C.
Two Gateway Center, 6th Floor
603 Stanwix Street
Pittsburgh, PA 15222
(412) 394-5400 – Phone
(412) 394-6576 – Facsimile

David Dehoney, Esquire
NY ID No. 4616595
*pro hac vice forthcoming*
ddehoney@mrllp.com
MICHELMAN & ROBINSON, LLP
605 Third Ave., 30th Floor
New York, NY 10158
(212) 730-7700 – Phone
(212) 730-7725 – Facsimile

Seth Darmstadter, Esquire
IL ID No. 6284759
*pro hac vice forthcoming*
sdarmstadter@mrllp.com
Matthew R. Lasky, Esquire
IL ID No. 6318140
*pro hac vice forthcoming*
mlasky@mrllp.com
*pro hac vice forthcoming*
MICHELMAN & ROBINSON, LLP
1 North Wacker Dr., Suite 2180
Chicago, IL 60606
(312) 638-5671 – Phone
(312) 638-5672 – Facsimile

## **LR 7.1 CERTIFICATION**

I, Joseph V. Schaeffer, counsel for Sterling and Wilson Solar Solutions Inc., certify under LR 7.1 that concurrence was sought from Bank of America, N.A., by email dated July 5, 2023, in the relief sought in the foregoing Plaintiff Sterling and Wilson Solar Solution Inc.'s Motion for Temporary Restraining Order and Preliminary Injunction, namely a deferral of any payment under letter of credit no. 68176052. Bank of America, N.A. did not respond to this request before the filing of the aforementioned Motion.

/s/ Joseph V. Schaeffer
Mark K. Dausch, Esquire
PA ID No. 205621
mdausch@babstcalland.com
Joseph V. Schaeffer, Esquire
PA ID No. 323256
jschaeffer@babstcalland.com
BABST, CALLAND, CLEMENTS &
ZOMNIR, P.C.
Two Gateway Center, 6th Floor
603 Stanwix Street
Pittsburgh, PA 15222
(412) 394-5655 – Phone
(412) 394-6576 – Facsimile

## CERTIFICATE OF SERVICE

I certify that, on July 5, 2023, I filed the foregoing **PLAINTIFF STERLING AND WILSON SOLAR SOLUTIONS INC.'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** with the Court's CM/ECF system and caused a copy of the same to be served in the following manner:

**Certified Mail**
Bank of America, N.A.
c/o CT Corporation System
600 North 2nd Street, Suite 401
Harrisburg, PA 17101

**First Class U.S. Mail, Postage Prepaid**
Bank of America, N.A.
Attn: General Counsel
Bank of America Corporate Center
100 North Tryon Street
Charlotte, NC 28255

/s/ Joseph V. Schaeffer
Joseph V. Schaeffer, Esquire
PA ID No. 323256
jschaeffer@babstcalland.com
BABST, CALLAND, CLEMENTS & ZOMNIR, P.C.
Two Gateway Center, 6th Floor
603 Stanwix Street
Pittsburgh, PA 15222
(412) 394-5400 – Phone
(412) 394-6576 – Facsimile