

**Babst | Calland**
Attorneys at Law

Joseph V. Schaeffer
Attorney at Law
T 412.394.5499
jschaeffer@babstcalland.com

July 5, 2023

**FILED**
HARRISBURG, PA

**Via FedEx Overnight**
The Honorable Peter J. Welsh, Clerk of Court
Sylvia H. Rambo United States Courthouse
1501 North 6th Street
Harrisburg, PA 17102

JUL -7 2023

PER _____IDL_____
DEPUTY CLERK

RE: *Sterling and Wilson Solar Solutions Inc. v. Bank of America, N.A.*
3:23-cv-01110-MEM
**Statement in Support of Sealing Document**

Dear Honorable Peter J. Welsh,

Babst Calland represents Sterling and Wilson Solar Solutions Inc. ("Sterling") the above-referenced matter filed in this Court on July 3, 2023. Included as part of two filings submitted to the Court are redacted copies of a document for which Sterling seeks leave to file an unredacted copy with the Court under seal (the "Document to Be Sealed").

The Document to be Sealed is an Engineering, Procurement and Construction Agreement (the "EPC Agreement") between Sterling and a third-party related to the development of a solar facility in Oregon. Section 25.1 of the EPC Agreement expressly forbids the disclosure of confidential information, and states that the definition of "Confidential Information" "may include this Agreement and exhibits hereto. . . ." This EPC Agreement was attached in redacted form as Exhibit A to the Complaint (ECF No. 001-01) and as Exhibit B to the Declaration of Gaurav Bhandari, which was attached as Exhibit 1 to the Motion for Temporary Restraining Order and Preliminary Injunction (*see, in relevant part*, ECF No. 004-02).

While there is a common law right of public access to judicial proceedings and records, that right is not absolute. *See In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). To overcome the presumption favoring public access, a party seeking the sealing of records must show good cause that disclosure will work a clearly defined and serious injury to the party seeking closure. *See Simpson v. Thompson*, No. 1:19-CV-971, 2022 WL 2706103, at *1 (M.D. Pa. July 12, 2022). The Third Circuit recognizes certain factors, which are neither mandatory nor exhaustive, to consider when determining if "good cause" exists, including: (1)

The Honorable Peter J. Welsh, Clerk of Court
July 5, 2023
Page 2

whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public. *Id.* (citing *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995)).

Here, good cause exists to seal the EPC Agreement. No public entities or officials are involved, as this is a purely commercial matter. The issues in the case are of minimal public interest. Further, Sterling served the Defendant with an unredacted copy of the EPC Agreement and only seeks to prevent disclosure to the public in order to protect any confidentiality interests of the other party to the EPC Agreement.

Sterling respectfully requests that the Court grant its Motion to File Document Under Seal. Thank you for your attention and consideration of this request.

Sincerely,

Joseph V. Schaeffer

JVS/kk
Enclosures
cc:    Bank of America, N.A. (**Via Certified Mail and FedEx Overnight**)
       c/o CT Corporation System
       600 North 2nd Street, Suite 401
       Harrisburg, PA 17101

       Bank of America, N.A. (**First Class U.S. Mail, Postage Prepaid**)
       Attn: General Counsel
       Bank of America Corporate Center
       100 North Tryon Street
       Charlotte, NC 28255